[No. 15549.  Department Two.—December 4, 1894.]

## N. P. PERINE CONTRACTING AND PAVING COMPANY, RESPONDENT, *v.* THOMAS QUACKENBUSH, APPELLANT.

FORECLOSURE OF STREET ASSESSMENT—INSUFFICIENT COMPLAINT—ERROR IN DATE NOT CURED.—A complaint to foreclose a street assessment lien, which shows that bids were to be received until 4 P. M. of a certain date, and that the bids were opened, examined, and declared by the board on the day preceding, and that, in pursuance thereof, the board awarded the contract to the plaintiff, shows on its face that the proceedings of the board in awarding the contract were void, and a general demurrer to such complaint is well taken, and if no evidence is introduced or received inconsistent with the averment as to the date when the proposals were opened, or showing that they were in fact opened and canvassed at the expiration of the time allowed for bids, the error in overruling the demurrer to the complaint is not cured.

ID.—POWER OF SUPERVISORS—BITUMINOUS ROCK PAVEMENT—USE OF PATENTED METHODS.—The board of supervisors has power to contract, at its election, for any kind of pavement in use, and the fact that the available methods of using bituminous rock for paving purposes are covered by patents, for the use of which the contractor must pay a royalty, does not affect the power of the board to order paving done with bituminous rock prepared in a particular mode.

ID.—CONTRACT PAYABLE IN GOLD COIN.—In a proceeding to improve a street, the board of supervisors cannot make the contract payable in gold coin, and the liability upon the lien for a street assessment may be discharged by payment in any kind of money which is by law a legal tender for the payment of any debts; but the awarding of the contract for payment in gold coin does not invalidate the contract in other respects, and a general judgment for the sum due under the contract is valid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*J. M. Wood,* for Appellant.

As the proposals for the doing of the work required that the material to be used should be bituminous rock, and there was a patent for the only available method of using such rock, it prevented the owners of the three-fourths of the frontage of the lands to be assessed from

contracting to do the work themselves under the statute, and therefore the assessment is invalid.    (Stats. 1889, p. 162; *Nicolson Pav. Co.* v. *Painter*, 35 Cal. 699.)

*Parker & Eells*, for Respondent.

The language of the specification that " the bituminous rock shall be prepared for use by either steaming, hot air, or other process," does not, on its face, call for the use of a patent process.    Therefore, even if it appeared that the plaintiff actually used a patented process, that fact would not avoid the assessment, nor constitute a defense.    (*Dunne* v. *Altschul*, 57 Cal. 472.) Under the present statute the board is authorized to specify a patented pavement.    (Act of 1889, sec. 34. See record in *McDonald* v. *Dodge*, 97 Cal. 112.)    And, independently of the statute, the weight of authority is that municipalities can adopt a patented article or process, even though required by their charter to let the work to the lowest bidder.    (*Hobart* v. *Detroit*, 17 Mich. 246; 97 Am. Dec. 185; *Attorney General* v. *Detroit*, 26 Mich. 271; *Motz* v. *Detroit*, 18 Mich. 515; *Detroit* v. *Circuit Judge*, 79 Mich. 389; *In re Dugro*, 50 N. Y. 513; *Silsby Mfg. Co.* v. *Allentown*, 153 Pa. St. 319; *Kilvington* v. *City of Superior*, 83 Wis. 222.)    Moreover, the proof showed that the owners of the patent rights were willing to sell licenses to any person to use such patented methods for a reasonable sum.    This admits of all the competition which the statute contemplates, and the contract is, therefore, valid.    (*Hobart* v. *Detroit*, 17 Mich. 246; 97 Am. Dec. 185; *Kilvington* v. *City of Superior*, 83 Wis. 222.)    The fact that the contract provided for payment in gold coin did not render it void. (See *Beaudry* v. *Valdez*, 32 Cal. 279; *Poett* v. *Stearns*, 31 Cal. 78; *Williams* v. *Savings & Loan Soc.*, 97 Cal. 123.)

HAYNES, C.—The plaintiff, a corporation, brought this action to foreclose a street assessment lien upon defendant's lot.    Defendant interposed a general demurrer to the complaint, which was overruled without

argument.   An answer was afterwards filed, a trial had, and findings and judgment were for the plaintiff, and this appeal is from the judgment, and also from an order denying defendant's motion for a new trial.

The only point now made upon the demurrer is that the complaint shows that bids were to be received until 4 p. m. of January 16th, and that the bids were opened, examined, and declared by the board on the 15th, and in pursuance thereof awarded the contract to the plaintiff.

Respondent contends that the date of opening the bids stated in the complaint is a clerical error, and that this is apparent from the allegation in paragraph 7, "that on the sixteenth day of January, 1892, and prior to 4 o'clock p. m., various sealed proposals to do said work were delivered to the clerk of said board of supervisors.   That the plaintiff herein signed and handed in to said clerk one of the said sealed proposals," etc.

There is an inconsistency in these dates, and, if it could be said that these inconsistencies created an uncertainty merely, we could have little difficulty in reaching a conclusion.   But the date at which plaintiff's proposal was filed was immaterial, provided, only, that it was before 4 p. m. of the 16th.   There is no doubt or uncertainty that bidders had until that time to hand in their proposals, nor can there be any doubt that the board could not legally act upon the proposals until the time limited for receiving them had passed.   The allegation of the time at which they were opened, canvassed, and declared was material; nor is it denied that if the proposals were in fact canvassed and declared on the 15th, and the contract based upon such action, that the proceeding was void.   The demurrer was therefore well taken, and should have been sustained.

It is contended, however, that the defendant put in evidence upon the trial the proposal of the plaintiff, and that said proposal bore date of January 16th.   But no evidence was offered or received inconsistent with the averment that the proposals were opened on the 15th,

unless it is assumed that the date of the plaintiff's proposal was the true date; and the plaintiff cannot insist, in the face of its own averment, that such was the true date, and that the other is erroneous. If the plaintiff had put in evidence, without objection from the defendant, that which showed that the proposals were in fact opened and canvassed on the 16th, instead of the 15th, the error would have been cured; but no evidence of that character was introduced by either party.

The judgment must therefore be reversed; but in view of an amendment by the plaintiff and another trial, some questions that will doubtless be again presented should be noticed.

The specifications required the paving to be done with bituminous rock prepared for use " by either steaming, hot air, or other process, but in no case must the material be reduced or melted by any process which would burn it."

Appellant contends that all the known processes for melting the rock are covered by patent except that in which coal tar is used, and that the superintendent of streets would not permit the use of the last-named method.

Whether there is any other process by which the rock can be prepared than those covered by patents we need not inquire. It is conceded by appellant that the plaintiff proved that upon the payment of a royalty to the patentees any one could obtain a license to use the patented methods; and appellant proved that there were at least two methods patented by different persons.

His argument is that the available methods of using bituminous rock for paving purposes being covered by patents, the requirement that this material shall be used prevents the owners of three-fourths of the frontage of the lands to be assessed from contracting to do the work themselves under section 5 of the act of 1889. (Stats. 1889, p. 162.)

Appellant relies upon *Nicolson Pavement Co.* v. *Painter*, 35 Cal. 699. That case does not sustain appellant,

though some expressions used in the opinion give color to his claim.   By an act approved April 2, 1886 (Stats. 1865–66, p. 720), it was provided that whenever a majority of the owners in frontage should petition the board of supervisors of the city and county of San Francisco for the construction of the Nicolson pavement, they should order it to be done.   In that case the owners did not so petition, but nevertheless the board ordered the Nicolson pavement to be used, and it was held that their proceedings were void.   Sanderson, J., said, in the course of the opinion, in substance, that where there can be but one bidder, and where the owners are prohibited by heavy penalties from doing the work, to advertise for sealed proposals, and open, examine, and declare them, "would be to play as broad a farce as was ever enacted behind the footlights."

But elsewhere in the same opinion the same learned justice said: "It is true that the third section (Act of 1862, Stats. 1862, p. 391), which confers the power to pave, does not restrict the board to any kind of pavement, and if the question turned exclusively upon that section, the board would have the power to contract at its election for any kind in use."   As no act, such as the Nicolson Pavement Act, restricts the powers of the board to order the bituminous rock pavement, we may adopt the language of Sanderson, J., last above quoted, as applicable to this case, and as correctly declaring the law.   Besides, in this case, the specifications did not confine bidders to one patented process, nor exclude processes not patented; nor were the owners excluded from using the patented processes, but had the liberty to use them upon payment of a royalty of one dollar per ton of the rock treated.   Appellant's contention would effectually exclude all methods of paving which were patented, even though such method, because of its superiority, or even because of its cheapness, would be specially advantageous to the owners of lots liable for the expense of paving, as well as the municipality charged with its maintenance.

Appellant further contends that the provision in the contract requiring the work to be paid for in gold coin of the United States invalidated the contract; that the statute does not authorize the board of supervisors to invite bids or award contracts on a gold coin basis, and that, in fact, the bids were not invited, nor the contract awarded upon such basis.

Whatever may be the force and effect of a private contract to pay in gold coin, or of a judgment rendered upon such contract specifying that it shall be paid in gold coin, we think it clear that, in the case at bar, where the defendant is not a party to the contract, and is connected therewith and bound thereby only by force of the statute, that the judgment should not specify the kind of money in which it should be satisfied, unless the statute so specifies. The proceeding to improve the street and to charge defendant's property therefor is adversary in its character, and the provisions of section 667 of the Code of Civil Procedure do not apply. It is clearly a liability which may be discharged by payment in any kind of money which is by law a legal tender for the payment of debts, and is within the act of our legislature approved March 12, 1880. (3 Deering's Codes, 300; Stats. 1880, p. 8.)

This, however, does not affect the validity of the contract in all other respects, and a general judgment for the sum due under the contract would be valid.

The judgment and order appealed from should be reversed, with leave to the plaintiff to amend its complaint as it may be advised.

Searls, C., and Temple, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with leave to the plaintiff to amend its complaint as it may be advised.

McFarland, J., Van Fleet, J., Fitzgerald, J.