(136 So. 788)

**JEFFERSON COUNTY BURIAL SOC., Inc.,
v. SCOTT.**

**6 Div. 952.**

Supreme Court of Alabama.
Oct. 8, 1931.

Erle Pettus, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

ANDERSON, C. J.

█ This case, upon former appeal, is reported 218 Ala. 354, 118 So. 644.

While the first part of the oral charge as excepted to may have been slightly confusing, we do not think it improperly placed the burden of proof upon the defendant, especially in view of the fact that, after the objection thereto by the defendant's counsel, the trial court stated to the jury there was no burden upon the defendant to "prove his plea at all."

█ We also think that part of the oral charge as excepted to, as to damages, was free from reversible error. It properly stated the damages to which the plaintiff was entitled in the concrete and was unlike the one criticized upon former appeal.

█ We do not think that the errors complained of as to the rulings upon the evidence were of such a prejudicial character as to operate as a reversal of this case.

As we understand, the complaint is the same as it appeared upon former appeal and it was there held that the plaintiff was only entitled to compensatory damages as alleged and proven. The gravamen of the complaint is not for a failure to bury the body, but for a wrongful detention of same, and the damages resulting therefrom were causing the body to decay or become decomposed to such an extent that it had to be buried without ceremony. "And the plaintiff was prevented from attending the sad rites and from paying a final tribute to her dead by having a befitting funeral service conducted, and deprived, contrary to her expectation of the presence, comfort, consolation and assistance, which would have been rendered and extended to her in the above said burial by her close relatives and friends, suffering thereby great trouble and inconvenience all to her damage as aforesaid." There is no charge of damage to her estate, and, as said upon former appeal, there is no claim for mental anguish and the only damage claimed is as above set out. The complaint charges that the body was wrongfully withheld for eight days, which was not proven, as the plaintiff's case at best showed only a wrongful holding from Thursday until Friday and which could have been gotten by Pugh much earlier Friday than he saw fit to remove it. Again, while Pugh got the body from the defendant Friday, it was not buried until Monday. The result is that while the body was not buried for eight days, the only proof tending to show any fault whatsoever on the part of the defendant was a refusal to deliver the same upon demand Thursday instead of Friday.

Moreover, the proof fails to show that the body had become so decayed or decomposed that it had to be buried without ceremony or that the plaintiff was for that reason prevented from attending the funeral. The proof shows that the body was embalmed when delivered to Pugh on Friday and Pugh did not undertake to bury it until the following Monday, and the proof fails to show that it was in such a state even at that late day that it had to be buried without ceremony.

The trial court erred in not granting a new trial upon the ground that the verdict was excessive, as the issue upon which the case was tried and the proof in support thereof authorized a recovery for not more than nominal damages. This is not a case for the reduction of the damages with an option as to a remittitur.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.