147 So. 634

## JEFFERSON COUNTY BURIAL SOC. v. SCOTT.

### 6 Div. 308.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied April 27, 1933.

Ewing, Trawick & Clark, of Birmingham, for appellee.

Erle Pettus, of Birmingham, for appellant.

BOULDIN, Justice.

Action for damages for tort in wrongfully detaining the dead body of a daughter from the mother, as lawful custodian thereof.

This is the third appeal. For former decisions, see Jefferson County Burial Society v. Scott, 218 Ala. 354, 118 So. 644; Id. (second appeal) 223 Ala. 384, 136 So. 788.

On the trial now under review the complaint was amended so as to recite: " * * * And plaintiff was put to much trouble and inconvenience in her efforts to obtain said dead daughter from the defendant and was caused to spend the sum of to-wit ten dollars to the defendant in order to obtain the remains of said dead daughter from the defendant and she was caused to suffer much mental anguish," etc.

Other elements of special damages were charged out and need not be considered.

So far as appears, the $10 paid at the time defendant agreed to surrender the remains was justly due the defendant for services for embalming, etc.

But if its collection was coerced by unlawfully detaining the body until the money was paid, as plaintiff's evidence tended to show, it was obtained by the tortious act complained of.

We do not mean to hold that pecuniary loss is essential to recovery for mental suffering in cases of this class. The question is not here involved. See, however, Bessemer L. & I. Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 56 Am. St. Rep. 26; Deavors v. Southern Express Co., 200 Ala. 372, 76 So. 288; Jefferson County Burial Soc., Inc., v. Scott, 223 Ala. 384, 136 So. 788; F. Becker Asphaltum Roofing Co. v. Murphy, 224 Ala. 655, 141 So. 630; Finley v. Atlantic Transport Co., 220 N. Y. 249, 115 N. E. 715, L. R. A. 1917E, 852, Ann. Cas. 1917D, 726; Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370; Cooley on Torts, § 240; Sutherland on Damages, § 1029; Vol. 1, Sedgwick on Damages, § 43i; 17 C. J. p. 1144, § 17; Id., page 1147; Id., p. 828, § 151.

■ The defendant having raised an issue as to whether the detention was by defendant corporation, or another corporation under the same management and ownership, which was under contract to bury policyholders of defendant corporation, there was no error in admitting evidence that the deceased held and had paid for a policy in defendant corporation.

While the suit was for wrongful detention of this body, not for breach of obliga-tion to bury, the evidence went to the question of who took possession of the body and held it for several days pending efforts of plaintiff to raise the money or give the security required to procure a burial, and, on failure to make such arrangements, detained the body, if it was detained, until charges already incurred were paid.

The trial court carefully limited this testimony by proper instructions to the jury.

■ During the direct examination of defendant's witness, Mr. Bradford, he was asked: "You heard Charlotta (plaintiff) crying and going on on the stand today? Did she ever cry like that before?"

Plaintiff's counsel interposed: "I object, she didn't have to cry to get a verdict before."

The defendant moved for a mistrial because of this improper remark in the presence of the jury.

The question and answer sought imputed to plaintiff a crying demonstration for effect, evidenced by a change in that regard from her manner at former trials.

As addressed to the trial court, the suggestion that the results of the former trial negatived any idea of a change for 'effect, was not improper. It would seem this could have been presented to the court without the very suggestive terms used in the presence of the jury. But the court took special care to then and there instruct the jury to disregard everything touching the results of a former trial, and try the case solely on the evidence presented to them on this trial. We see no reason to say a jury could not and would not follow these instructions in keeping with their oaths. Nor can it be said the verdict reflects any such disregard of duty. Jefferson County Burial Soc. v. Cotton, 222 Ala. 578, 133 So. 256; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266.

■ Since the amended complaint properly presents mental suffering as an element of damages, the recovery was not limited to nominal damages as held on second appeal, supra. See, also, opinion on first appeal, supra.

The evidence does not place blame on any one for possession of the body by defendant, nor the holding of same from Saturday over until Thursday; nor does it disclose the cause of the delay in burial from Friday until Monday by the second undertaker, Pugh.

The court carefully limited the damages for mental suffering proximately resulting from the refusal to turn over the body on Thursday, if the jury found there was such refusal, until the body was released to Pugh on Friday.

In passing on the mental suffering as a proximate result of the unlawful detention of the body during this period, the jury were

authorized to look to the circumstances conducive to such suffering. We need not go into further details.

Rulings on pleadings or testimony touching elements of damages charged out at defendant's request, we have no occasion to review.

Refused charges were either covered by given instructions, or were, properly refused upon grounds disclosed in opinions on former appeals or in this opinion.

No further treatment is deemed necessary.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.