159 So. 688
**JORDAN UNDERTAKING CO. et al. v. ASBERRY.**
6 Div. 705.

Supreme Court of Alabama.
Feb. 28, 1935.

Wilkinson & Wilkinson, of Birmingham, for appellants.

98

W. A. Jacobs, of Birmingham, for appellee.

GARDNER, Justice.

In Jefferson County Burial Society v. Scott, 218 Ala. 354, 118 So. 644, the general rule was recognized that the right of burial was by the next of kin in the order of their relation to decedent. 17 Corpus Juris, 1139, 45. But the holding was that the defendant, having received the body from the custody of the plaintiff, cannot deny the plaintiff's right thereto, unless the custody is demanded by one having a superior right, a matter defensive in its character.

Under this authority the demurrer to the complaint was properly overruled.

Nor was there error in the refusal of the affirmative charge requested by defendant. The argument in its support is rested upon the theory the evidence fails to show a refusal upon demand made, which in turn is rested upon the testimony of the city ambulance driver, to the effect that, when he called for the body on the 26th (the date of the receipt of the body was October 17th), the same was promptly delivered.

But this insistence leaves out of consideration the testimony of plaintiff that Mrs. Holt, on Thursday preceding, acting for her, requested the burial of the body, which request was refused, and that of Mrs. Holt that she then, on Saturday following the Monday on which the nephew died, requested the city to bury the body after defendant Jordan, who was operating the entire business, had said he would not do so at all, and plaintiff's further testimony that on the Monday following (October 24th) Jordan came to see her to procure her signature to a release, and in which conversation he stated the city "had come out after the body Saturday; * * * he had not turned it over to the city * * * was not going to unless I signed the release." There was no denial of this conversation; Jordan himself not testifying. The jury could therefore reasonably infer that the city, in plaintiff's behalf and as her agent, had made such request and had been refused on Saturday before Brittain, the city ambulance driver, obtained the body on the Monday following. Moreover, the jury could also reasonably infer that a demand, if made, would have been entirely useless, in which event the formality of such demand is not essential. 65 Corpus Juris, 47; Powell v. Olds, 9 Ala. 861.

Plaintiff had a burial policy in defendant, Jordan's Mutual Aid Association, a corporation, of which defendant Jordan was president; and Jordan Undertaking Company was Jordan himself. The place of business was the same as to each, and the evidence tends to show that both businesses were conducted, managed, and controlled by defendant Jordan and no one else. A person may

adopt any name or style different from his own by which he may transact business (29 Cyc. 270; Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115), and it here appears that the Jordan Undertaking Company was none other than the individual defendant, Hickman Jordan.

The jury could also infer that this business was operated in connection with the Jordan Mutual Aid Association; the two being the mere "business conduit and alter ego of each other" (Jefferson County Burial Association v. Cotton, 222 Ala. 578, 133 So. 256), the entire business being centered, as it were, in the one individual, Hickman Jordan.

It was also open to the jury to find that, when Jordan demanded a release from plaintiff, he had reference to the policy which she held in defendant Mutual Aid Association, as to which Jordan was the sole representative, and, in effect, its alter ego.

In view of these considerations, therefore, there was no error in the refusal of the affirmative charge asked separately as to each defendant.

Defendants' motion for new trial is based, as argued here, upon the matters herein discussed, and needs no further treatment. The evidence tends to sustain plaintiff's case in all its aspects, and our examination of the record discloses no error to reverse. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.