7 So.2d 576

### Ex parte PERUSINI CONST. CO.

#### 7 Div. 669.

Supreme Court of Alabama.
April 16, 1942.

Boutwell & Pointer, of Birmingham, and Karl C. Harrison, of Columbiana, for petitioner.

634

L. H. Ellis, of Columbiana, and Borden Burr, of Birmingham, for respondent.

LIVINGSTON, Justice.

The petition seeks a writ of mandamus directed to Hon. W. W. Wallace as Judge of the Circuit Court of the Eighteenth Judicial Circuit of Alabama, commanding him to vacate and set aside an order and judgment overruling petitioner's motion to transfer from the law to the equity docket of that court that certain cause pending on the law docket, in which petitioner is defendant and the County Board of Education of Shelby County, Alabama, is plaintiff, and to forthwith transfer the cause in accordance with the prayer of the motion.

The suit at law seeks to recover damages for the defendant's (petitioner here) failure or refusal to fulfill its bid to construct and alter certain school buildings in Shelby County, Alabama.

In substance the complaint alleges that in answer to an advertisement for bids the defendant submitted its bid to perform certain work to the Shelby County Board of Education; that defendant's bid was the lowest submitted and the contract was awarded to petitioner on December 7, 1938; that a contract prepared in accordance with the bid and its acceptance, was submitted to petitioner for execution on December 12, 1938, but that on December 16, 1938, petitioner refused to execute the contract and to fulfill its bid; that, thereafter, a contract was awarded to another for the sum of $8,800 in excess of the bid of petitioner.

Petitioner's motion to transfer the cause from the law to the equity docket rests upon the following facts, which we quote:

"The plaintiff prepared said plans and specifications for the building and improving of twelve buildings divided into Group A consisting of six buildings and Group B consisting of six buildings and requested that bids be submitted for the building of said buildings according to said plans and specifications. That said bids were to be submitted to the plaintiff in Columbiana, Alabama, on a day certain to-wit: on the 7th day of December, 1938, at 2 o'clock, P.M. The defendant had in its employ one George H. Temme who was employed as an estimator and whose duty was to estimate the cost of all jobs upon which the defendant proposed to bid and upon whose estimates the defendant relied in fixing the amounts of all of its bids. The plans and specifications for the twelve buildings above referred to were delivered to the said George H. Temme approximately one week prior to the date when said bids had to be filed and submitted. In the normal and usual course it would take approximately three weeks for said estimator to properly estimate the cost of said twelve buildings, but he had only one week within which to make his said estimations. Because of the short time within which to make said estimations on these buildings the estimation for said buildings was far

from complete the day before the said bids had to be filed and submitted in Columbiana, Alabama. Therefore, the said George H. Temme, after having worked continuously and long hours for a week was forced to work all night the night before the day when said bids had to be filed, and, in fact, until within forty-five minutes prior to the time when said bids had to be filed. The said estimates and bids were completed only forty-five minutes prior to the time for filing in Columbiana, Alabama, and had to be transmitted to Columbiana within that period. The estimate on No. 877, the Calera School Addition was the last building figured by the said estimator and the estimate for this building was compiled and completed the morning the said bid had to be filed after the said estimator had worked continuously the day and night preceding and had worked for long hours during the week prior thereto. At the time the estimate was completed on the Calera School Addition, the estimator was weary and exhausted in body and mind and his mental faculties were not alert. The method used by the said George H. Temme in estimating said jobs was to set out in one column the estimated cost of labor, to set out in another column the estimated cost of material, and to set out in another column the estimated cost of all subcontracts and total costs of labor, material and subcontracts and to add thereto a reasonable sum for overhead and profit. After having completed the estimate on the Calera School Addition, said George H. Temme, because of his mental and physical condition inadvertently set out the figure for the total estimated cost of materials as the total estimated cost, thereby erroneously omitting the estimated cost of labor and subcontracts in the amount of approximately Thirteen Thousand Sixty-nine dollars ($13,069).

"The plans and specifications for No. 877, the Calera School Addition provided for a boiler building with showers, and alternate No. 14 provided that the bidder should deduct a proper amount for the omission of the shower room and showers. The defendant's estimator estimated that the total cost of the boiler room and showers would be Thirty-Nine Hundred Eighty-Five Dollars ($3985) and estimated that the omission of the showers would reduce the cost One Thousand Dollars ($1,000), and intended to set up a deduction of One Thousand Dollars ($1,000) for alternate No. 14. However, because of the mental and physical condition of Mr. Temme at the time of completing his estimate, he inadvertently set out a deduction of Three Thousand Nine Hundred Eighty-Five Dollars ($3,985), the total cost of the building, boilers and showers under alternate No. 14 instead of One Thousand Dollars ($1,000) as figured and intended. The plaintiff was apprised by the defendant that an error had been made and that it wished to withdraw its bid and that it would not execute contracts therefor immediately and prior to the completed acceptance of its bid by the plaintiff.

"Because of the errors above set forth in the amount of approximately Sixteen Thousand Fifty-four Dollars ($16,054), which said errors were obvious and were known or should have been known to the plaintiff at the time of the receipt of the bid, there was no meeting of the minds of the parties hereto and no consummated contract between the plaintiff and the defendant and the defendant is entitled to have a court of equity declare its said bid and bid bond null and void."

The foregoing motion was sworn to and supported by other affidavits. The facts asserted in the motion were controverted by affidavits filed by the plaintiff. Thus raising an issue of fact as to the existence of the equitable defense.

██ It has been declared that if, in the expression of the intention of one of the parties to an alleged contract, there is error, and that error is unknown to and unsuspected by the other party, that which was so expressed by the one party and agreed to by the other is valid and binding as a contract, which the party not in error may enforce. In other words, a party to a contract cannot avoid it on the ground that he made a mistake where there has been no misrepresentation, and there is no ambiguity in the terms of the contract, and the other contractor has no notice of such mistake and acts in perfect good faith. A unilateral error, it has been said does not avoid a contract. But this rule is by no means invariably applied in the cancellation of contracts. It is said that mistake may be a good defense when hardships amounting to injustice would be inflicted on a party by holding him to his apparent bargain, and where it is unreasonable to hold him to it. However, a unilateral mistake in the making of a contract, of which the other contracting party is entirely

636

ignorant, and to which he in no way contributes, will not affect the contract, or afford ground for its avoidance or rescission, unless it be such a mistake as goes to the substance of the contract itself. Not only must the mistake be material to the transaction, but the person who made the mistake must show, when he applies to an equity court for a rescission of the contract, that his mistake is not due to want of care or diligence, although the conclusion warranted by the best considered authorities is that mere neglect may not be a bar to the setting aside of the contract unless it is such as amounts to the violation of a positive legal duty and such as prejudiced the other party. What has been said applies only to cases in which one of the parties is entirely innocent of the other's mistake.

If one of the parties, through mistake, names a consideration that is out of all proportion to the value of the subject of negotiation and the other party realizing that a mistake must have been committed, takes advantage of it and refuses to let the mistake be corrected when it is discovered, he cannot under these conditions claim an enforceable contract. Where there is a mistake that on its face is so palpable as to place a person of reasonable intelligence upon his guard, there is not a meeting of the minds of the parties, and consequently there can be no contract. 6 R.C.L. page 623, section 42; 12 Amer. Jur. 624, section 133, and cases there cited.

In its motion to transfer, petitioner attempts to bring itself within the protection of the rule stated last above. Such a defense can be asserted as well in a court of law as an equity court, for obviously if there is no contract there can be no breach. And no other equitable relief is necessary for petitioner's complete protection under the facts of this particular case.

The motion to transfer the cause from the law to the equity docket was filed under and by virtue of section 6490, Code of 1923, Title 13, section 153, Code of 1940.

The statute expressly authorizes the plaintiff to controvert by affidavit the facts asserted as an equitable defense, and the transfer is to be made only "if it satisfactorily appears to the judge hearing the same that such motion and proof sufficiently assert and show an equitable right or defense." This ex parte hearing is to determine whether the ends of justice will probably be promoted by a transfer or by a denial of such motion, and is manifestly not res adjudicata on the issue of equitable right or defense. Obviously, in such case there is no right of removal as of course on the filing of the sworn motion alleging facts constituting a good equitable defense.

While mandamus of this sort is appellate in character, affording a remedy where no appeal is available, it is only to be granted upon a clear showing of error in the trial court to the injury of petitioner. Clearly this Court should not disturb his finding by mandamus except for manifest error or abuse of discretion. Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48. No such conditions appearing in the record, the petition for mandamus is denied.

Mandamus denied.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.