Petition for a writ of mandamus directed to the Honorable Jerry M. White, Judge of the Circuit Court of Henry County. The writ is denied.
To place the matter in its proper perspective the facts of this case must refer to another case which had been actuated by the death of one Simon L. Slade. At the time when Mr. Slade's body was in the custody of Holman Funeral Home, Abbeville, Henry County, one T.R. Slade, alleging that he and another brother were the nearest of kin, petitioned the Henry County Circuit Court to have the body released to him for a proper burial. That petition further alleged that the body had been placed with the funeral home by V.C. Gissendanner, the guardian of the deceased, and would not be released by the funeral home without a court order. Accompanying the petition was the affidavit of T.R. Slade, who gave his residence as Talbotton, Georgia, and deposed the relationship referred to above. Based upon that petition and affidavit the trial court, Judge White, entered an order directing the funeral home to release the body of Simon L. Slade to T.R. Slade.
On that same day V.C. Gissendanner filed in the Circuit Court of Henry County *Page 1128 
her petition for injunctive relief against Thomas Slade (who appears to be the same person as T.R. Slade). This petition alleged that Thomas Slade, a resident of Talbotton, Georgia, had threatened to remove the body of Simon L. Slade out of Alabama and bury it in Georgia, and that the petitioner, because she was guardian of his estate and his common law wife, was entitled to custody of the body. Allegations of irreparable injury and the absence of a remedy at law were made, followed by a prayer for a temporary restraining order, a temporary injunction and a permanent injunction against removal of the remains from Henry County. The petition was accompanied by several affidavits pertaining to the cohabitation of Simon L. Slade during his lifetime with Virginia C. Gissendanner, stating that they represented themselves "as being common law married by openly assuming mutual duties and obligations with and to each other and to the exclusion of all others." Bond for costs was posted, and the trial court of Henry County, through the Honorable J. Ronald Storey, Circuit Judge, granted the temporary restraining order.
On the next day, February 22, 1980, this petition for a writ of mandamus to Judge White was filed by V.C. Gissendanner. It referred to the injunction suit described above, alleged the petitioner's status as common law wife of Simon L. Slade, and averred that she was entitled to the custody of his body. Then it stated that:
 [S]imultaneously with the filing of the aforementioned cause, the defendant, Thomas Slade, filed a petition entitled EXPARTE [sic]: S.L. [T.R.?] Slade, and therein sought and obtained from the Circuit Court an order directing that the body of S.L. Slade be removed to the State of Georgia.
 That by virtue of the Circuit Court's order directing the body of S.L. Slade to be transported to Georgia, the Circuit Court has abused its discretion and failed to carry forth its duties as required by law which give the spouse of the deceased the right to possession of the body of the deceased upon due assertion thereof.
These allegations were followed by others classifying such action as arbitrary, unreasonable and unjust, depriving the petitioner of her opportunity "to have said action tried upon the merits."
The answer of the respondent, Judge White, stated that his ex parte order issued on behalf of T.R. Slade was entered before the petition of V.C. Gissendanner was filed and before any temporary restraining order had been granted. He denied any knowledge of a common law wife of S.L. Slade, except the presence of affidavits attached to the petition for the writ of mandamus. He also denied directing that the body of S.L. Slade be removed to Georgia.
In a reply to this answer, this petitioner, Gissendanner, conceded that the two separate proceedings were not filed simultaneously, but insisted that, nevertheless, the petitioner was denied her legal right to her deceased husband's body without notice or hearing because the ex parte order of Judge White was made by him when, as she charged, he knew that she claimed possession of the body.
It appears that the petitioner in this mandamus proceeding is basing her entitlement on two grounds: (1) that she was found to be the common law wife of S.L. Slade by the Probate Court of Henry County in December, 1979, and (2) that when he issued the ex parte order in favor of T.R. Slade, Judge White knew of that relationship and knew that she claimed the body of S.L. Slade. The petitioner has attached to her brief copies of her petition to the Henry County Probate Court to have herself appointed guardian of the estate of S.L. Slade whom she alleged to be a mental incompetent. That petition did not disclose her relationship to S.L. Slade. However, the probate court's order appointing her as guardian of that estate concluded that "it further appearing that the said V.C. Gissendanner is the common law wife of the said S.L. Slade. . . ." The petitioner has cited us to two cases which hold, she asserts, that the oretenus finding of a probate court is presumptively correct:State Dept. of Pensions and Security v. *Page 1129 Whitney, Ala.Civ.App., 359 So.2d 810 (1978), and Graves v.Graves, 51 Ala. App. 601, 288 So.2d 142 (1973). Each of those cases involved a petition for adoption. That subject matter is statutorily within the jurisdiction of the probate court, Code of 1975, § 43-4-1, as is the appointment of guardians for mental incompetents, Code of 1975, § 12-13-1. The cited cases are correct as far as they go, but they are inapposite here because they did not address the establishment of a common law marriage, a subject over which the probate court has not been given jurisdiction. § 12-13-1. Hence we cannot consider on the record before us that this petitioner's claim as common law wife of S.L. Slade has been judicially established.
The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Perusini Const. Co., 242 Ala. 632,7 So.2d 576 (1942). The petitioner's right to relief must be clear and there must be no other adequate remedy. Ex parte Edwards,20 Ala. App. 567, 104 So. 53 (1925). Neither of these prerequisites appears here. Contrary to the petitioner's insistence, there is nothing to show that Judge White was aware of this petitioner's claim, as widow, to the body of S.L. Slade when he issued his order to Holman Funeral Home. On the other hand, it is obvious from the record that the petitioner knew of T.R. Slade's claim to that body because the petitioner went to another anddifferent circuit judge and obtained a temporary restraining order directed to Judge White's order. The petitioner did not attempt to intervene in the proceeding before Judge White, although she had a clear right to do so. Rule 24, ARCP. Or, the petitioner could have moved for a consolidation of the two cases under Rule 42, ARCP. In any case, the ex parte proceedings before Judge White were, and for aught that appears are, still in the breast of the court. The petitioner could have sought relief in that proceeding by going forward to establish her entitlement to custody of the body, thus giving Judge White an opportunity to rule upon that issue. Cf. Sou.Life Health Ins. Co. v. Morgan, 21 Ala. App. 5, 10,105 So. 161 (1925). And see Jordan Undertaking Co. v. Asberry, 230 Ala. 97,159 So. 683 (1935). Having failed to do so, the petitioner can show no error which offends any clear legal right possessed by the petitioner, nor the absence of another adequate remedy.Ex parte Sykes, 44 Ala. App. 473, 213 So.2d 413 (1968). There is here a complete absence of any showing of an imperative upon the respondent to perform his duty and which he has refused to do. Ex parte Sykes, supra. Accordingly, the petition for the writ of mandamus must be, and is, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.