BEATTY, Justice.
Petition for writ of mandamus directed to the Honorable Clatus Junkin, Judge of the Circuit Court of Fayette County, to enter an order transferring venue to the Circuit Court of Winston County. The writ is granted.
On June 11, 1981, plaintiff, First National Bank of Fayette, filed suit in the Circuit Court of Fayette County on a promissory note executed by defendant Troy Parker. Defendant filed a motion for change of venue to Winston County, the county of his residence. Thereafter, plaintiff amended its complaint to add Fayette Tractor Company, Inc., a corporation doing business in Fayette County, as a party defendant. The amended complaint alleged that Fayette Tractor Company was an endorser, surety or guarantor of the promissory note executed by defendant Parker. On October 15, 1981, the court held a hearing on the motion for change of venue and, on that date, orally denied the motion. A written order denying the motion was entered on February 2, 1982, and defendant Parker filed this petition for writ of mandamus.
The only issue presented by this petition is the propriety of the trial court’s order denying transfer of venue from Fayette County to Winston County. Rule 82(b)(1)(A), Alabama Rules of Civil Procedure, provides that an action against an individual residing in this state “must be *1106 brought in the county where the defendant or any material defendant resides at the commencement of the action.” Petitioner claims that he resided in Winston County at the commencement of the action, and that the attempt by respondent First National Bank to cure the improper venue by adding Fayette Tractor Company as a party defendant did not cure the defect. We agree.
Rule 82(d), Alabama Rules of Civil Procedure, states that “[w]hen an action is filed laying venue in the wrong county, the court, on timely motion, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.” The Committee Comments provide that this applies “only where the original venue was not proper.” Thus, if venue is not appropriate when suit is filed, the case “shall” be transferred. Ex parte Wilson, Ala., 408 So.2d 94 (1981).
The present suit was filed against petitioner in the wrong county. Fayette Tractor Company was not added as a party defendant until after the filing of petitioner’s motion for. change of venue. That endeavor to cure the improper venue did not serve to defeat the trial court’s mandate to transfer the action pursuant to Rule 82(d) from Fayette County to Winston County.
Respondents contend that the order of the trial court denying transfer of venue should be affirmed because petitioner failed to meet his burden of proving improper venue. They allege that petitioner produced no evidence of his residency before the trial court. However, the record reveals that at the hearing on the motion respondent First National Bank admitted to the court that petitioner is a resident of Winston County. Furthermore, attached to the complaint served upon petitioner were directions to the sheriff of Winston County detailing directions to the home of Troy Parker, i.e., petitioner. The promissory note being sued upon also shows the Winston County address of petitioner.
The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, Ala., 382 So.2d 1127 (1980). Here, the petitioner’s right to relief is clear. Accordingly, the petition for writ of mandamus must be, and is, granted.
WRIT GRANTED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.