Clark Construction Company, Inc., a pre-qualified contractor with the Alabama Highway Department (appellee), submitted its bid on a bridge construction project in Mobile County upon notice from the department. Clark's bid, at submission, indicated a total amount of $1,119,609. Under one particular item of its bid, Item No. 10 (508B-00), Steel Bridge Superstructure, Clark listed in figures under "Amount Bid" the sum of $368,000. However, for the same item under "Item With Unit Price Written In Words," Clark inserted the words "Three Hundred Sixty Eight" ($368.00) immediately before "Dollars," mistakenly deleting the word "Thousand."
Clark's bid was announced at the total of $1,119,609. The Alabama Highway Department, however, computed Clark's bid by referring to the written words "Three Hundred Sixty Eight" ($368.00) for Item No. 10, rather than the figure $368,000, on the basis of section 39-2-7, Code 1975, which provides in pertinent part as follows: "In case of a discrepancy between prices shown in the figures and in words, the words will govern." The department thus determined Clark's bid to be in the total amount of $816,977.60, the difference between this amount and the $1,119,609 figure being the discrepancy between the figures and the words on Item No. 10.
The Alabama Highway Department issued its low bid sheet dated December 17, 1982, showing Clark to be low bidder at $816,977.60, some $273,405 below the next lowest bid. On December 18, 1982 Clark was informed that it had been listed as low bidder. Clark, knowing the bid of "New Mc" had preliminarily been announced as lowest, realized there was an error in its bid. The following Monday Clark called the department, inquired as to the error, and was informed of the discrepancy in Item No. 10.
Clark asked permission to withdraw its bid on the basis of the mistake but the department refused to permit the bid to be withdrawn; whereupon, Clark refused to accept the job, and the department declared Clark's $10,000 bid bond to be forfeited.
On the basis of its mistake, i.e. discrepancy between the words and figures in Item No. 10 of its bid, and the above-stated events, Clark filed suit to have its bid rescinded and its bid bond returned. On the basis of section 39-2-7, the trial court declined to rescind and ordered the bid bond forfeited. Clark appealed.
It is Clark's contention that its appeal does not involve the interpretation or construction of section 39-2-7, but involves the question of whether the statute serves to abrogate and make meaningless the longstanding rule of general contract law allowing equitable rescission due to unilateral mistake in the field of public works contract law. *Page 300 
In support of its argument, Clark relies mainly on the Alabama cases of Ex parte Perusini Construction Co., 242 Ala. 632, 7 So.2d 576 (1942), and Townsend v. McCall, 262 Ala. 554,80 So.2d 262 (1955). In these two cases the principle was established that a unilateral mistake made by one offering a sealed bid for a public construction contract may be sufficient cause for abrogating such a contract if it is shown that the consideration resulting from the mistake is out of proportion to the value of the subject involved and the other party realizes that a mistake has been made. In the Perusini case the bidder failed to include in the bid certain items of cost that would have substantially increased the total amount of its bid. In the Townsend case it was held that a city had the authority to allow a bidder to withdraw a bid based on a mistake and to reject all bids originally submitted and to advertise for new bids. Neither of these cases involved the construction, application, or enforcement of section 39-2-7.
In the recent case of Montgomery Bridge Engineering, Inc.v. State Highway Department, 440 So.2d 1114 (Ala.Civ.App. 1983), which involved a discrepancy between the amount expressed in words and that expressed in figures in a bid for a public contract, we held that section 39-2-7 was to be strictly construed.
We found the legislative intent that section 39-2-7 serve "as a rule of construction in the event of a discrepancy between amounts expressed in figures and in words in a bid for a public contract" was clearly expressed in that section of the Alabama Code. Moreover, even "though Montgomery Bridge found itself caught between the proverbial rock and hard place of either forfeiting its bid bond or accepting the contract at the lower price," it was charged with a knowledge of the law regulating such transactions. Further, it was shown by the evidence in that case that the "participants in the public bidding process are familiar with the statute and the attendant consequences of its application."
The facts of Montgomery Bridge can be distinguished from the facts of the present case. In Montgomery Bridge the contractor did not attempt to rescind its contract because of the mistake made in the bid. Instead, it accepted the award of the contract based on its bid, which contained a mistake causing the contract price to be considerably less than intended, while at the same time seeking relief from the mistake by trying to force the state highway department to allow it to correct its mistake (i.e. revise the bid upward) in spite of the provisions of section 39-2-7.
The difference in the present case is that low bidder Clark is not attempting to correct its bid. Instead, it seeks to merely have the courts excuse its mistake so that it will not be penalized by the forfeiture of its $10,000 bid bond, as is required under section 39-2-4, Code 1975.
After having considered the facts of the instant case, the case authority cited by counsel, and the statutory scheme applicable to bids on public works contracts, we are of the opinion that the equitable doctrine relied upon in Perusini is not here applicable. Several factors lead us to this result. First of all, the statutory scheme dealing with public works contracts which was enacted after Perusini is comprehensive.See sections 39-2-1 through -13, Code 1975 (Supp. 1983). The statute recognizes that mistakes will be made in the submission of bids and provides a specific rule of construction to govern under those circumstances. See section 39-2-7. The bid submitted must be accepted as interpreted under this statute.Montgomery Bridge, supra. Second, the statute provides a specific penalty to be imposed upon a low bidder who for any reason does not accept a contract as awarded, that is, forfeiture of the bid bond posted under section 39-2-4. Third, the bond required to be posted and consequently forfeited is not excessive, and therefore, the forced forfeiture of this amount is not unconscionable. Under section 39-2-4 it is set at five percent of the estimated project cost, but in no event in excess of $10,000. When the *Page 301 
amount to be forfeited in the instant case is compared to what might otherwise be the measure of damages, we find no inequitable result.
In light of the above reasoning, we find that the trial court did not err in denying rescission and upholding forfeiture of Clark's bond. The cause is due to be affirmed.
AFFIRMED.
All the Judges concur.