This is an appeal by Levite Undertakers Company, and others, from a judgment entered pursuant to a jury verdict in favor of Willie Ruth Griggs, and her two children, Betty Griggs and Willie James Griggs, in a suit for the wrongful detention of the remains of Bobby Lee Griggs. Bobby Lee was married to Willie Ruth, and was the father of Betty and Willie James.
The facts of the case are: On Tuesday, October 18, 1983, Bobby Lee Griggs was found dead in his apartment. Paramedics, and, subsequently, the coroner, were called to the scene. After the coroner's initial investigation, he notified Betty Griggs and received authorization to call one of the local funeral homes to take care of the body.
Willie James Griggs arrived at his father's apartment shortly before the body was removed by Levite Undertakers Company. He told Don Caldwell, an employee of Levite, to take care of the body, and that he would be down later to make the necessary arrangements. The family discussed picking out a suit for the body when Caldwell told them that the condition of the body prevented any open casket ceremony.
Willie and Betty went to the funeral home to view the body and select a casket. They found that the body still remained in a body bag in the back of a hearse. When Willie asked why, he was told "he ain't goin' nowhere."
Willie was told that he would need to buy a "sealer casket" because the body had begun to decay. The least expensive casket that he was shown was offered to him for about $2000. He told Caldwell that he would have to discuss it with his mother.
Willie checked with another funeral home and arranged to have the entire service performed for about $2000. He notified Caldwell of the arrangements he had made with the other funeral home and asked Caldwell to turn over the body when it was called for.
The undisputed testimony revealed that Willie was told that his father's remains would not be released until Levite received payment for the services which it had already rendered. It was for this wrongful detention of the body that Plaintiffs filed this suit. The original complaint contained seven counts, but summary judgment was granted with respect to some of the counts. The case went to the jury on only three counts: outrageous conduct; wrongful and intentional detention of the body; and negligence and wantonness in the care of the deceased's body. The jury returned a verdict in favor of Plaintiffs.
Defendants base their appeal on three grounds: 1) That Plaintiffs failed to prove that Defendants unlawfully detained the body of Bobby Lee Griggs; 2) that only the widow was entitled to recover on the theory of unlawful detention of the body; and 3) that Plaintiffs may not recover damages where no evidence of damages was presented at trial.
 I.
The cases of Jefferson County Burial Society v. Scott,218 Ala. 354, 118 So. 644 (1928), second appeal, 223 Ala. 384,136 So. 788 (1931), third appeal, 226 Ala. 556, 147 So. 634 (1933), and Jordan Undertaking Co. v. Asberry, 230 Ala. 97, 159 So. 683
(1935), clearly demonstrate that the kind of activity in which Levite here participated is sufficient to maintain an action of this sort.
Irrefuted evidence was presented which shows that Levite refused to turn over the deceased's remains to the family until a debt was satisfied. Not only is such activity morally reprehensible, but it also is prohibited *Page 65 
by statute. Code 1975, §§ 34-13-10 and 34-13-56 (2)(n). The evidence was clearly sufficient to support this action.
 II.
Defendants' contention that only the closest living relative may maintain an action for the wrongful detention of remains is a fallacious interpretation of the case history in this area of the law. Clearly, where there is a contest among survivors for possession of the remains, only the nearest relative may prevail. Jefferson County Burial Society v. Scott, 218 Ala. 354,118 So. 644 (1928). That is not, however, the situation in the case at bar. Here, Plaintiffs are not fighting among themselves, but stand united against their common antagonists — each equally suffering injury under their hands.
 III.
Defendants' argument with respect to the issue of damages completely ignores the fact that a "deal" had to be struck before they would release the body for the family to bury. The mental suffering concomitant with the insensitive treatment this family received from these Defendants is obvious.
In Jefferson County Burial Society v. Scott, 226 Ala. 556,147 So. 634 (1933), this Court recognized:
 "Since the amended complaint properly presents mental suffering as an element of damages, the recovery was not limited to nominal damages. . . .
". . .
 "In passing on the mental suffering as a proximate result of the unlawful detention of the body during this period, the jury were authorized to look to the circumstances conducive to such suffering." 226 Ala. at 557-58, 147 So. at 635.
An award of damages, including mental suffering, therefore, is amply justified in the case now before us. The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.