ADAMS, Justice.
This case arises from a dispute between the plaintiff, the Water Works Board of the City of Fort Payne (hereinafter the “Board”), and the defendant, Jones Environmental Construction, Inc. (hereinafter “Jones, Inc.”), over a bid for city work that was submitted by Jones, Inc., and then withdrawn prior to its acceptance. The Board sued Jones, Inc., for fraud and anticipatory breach of contract, and also made a claim under the bid bond submitted by Jones, Inc. The trial court dismissed the fraud and breach of contract claims on a motion for summary judgment. Judgment was entered on a jury verdict for Jones, Inc., on the claim under the bid bond. The Board appealed, and we affirm.
The Board intended to expand its water treatment plant facilities in the City of Fort Payne. To that end, the Board retained Ladd Environmental Consultants (hereinafter “Ladd”) to design the plans and draw specifications for the project. (It is undisputed that Ladd acted as the Board’s representative in the transaction.) The Board requested sealed bids on the project, which were to be submitted by 10:00 a.m. on February 22, 1984. The Board also required a bid bond equal to five percent (5%) of the bid amount. Jones, Inc., submitted a bid for $499,477.40 and a bid bond for $24,973.87.
When the bids were opened, the bid of Jones, Inc., was approximately $100,000.00 less than the next lowest bid. Everett Jones, Jr., of Jones, Inc., was present at the bid opening and suspected that his firm had made a mistake. Upon review of the records, he discovered that in its haste to meet the deadline the firm had made a clerical error in transferring the estimates of each element of the job to the final bid form. The cost of rock excavation, $68,-000.00, had been omitted from the final bid price.
On February 22, 1984, Jones, Inc., called Ladd and informed the project engineer about the nature of the mistake. At that time, Jones, Inc., told Ladd that it wished to withdraw its bid. After the conversation, Jones, Inc., wrote Ladd a letter confirming its intent to revoke the bid. Nonetheless, the following day, the Board awarded the contract to Jones, Inc., based on the mistaken bid. When Jones, Inc., refused to perform’ any services for the sum stated in the bid, the Board sued for anticipatory breach of contract and fraud, and the Board also made a claim under the bid bond.
The trial court dismissed the breach of contract and fraud claims on a motion for summary judgment; therefore, the only issue tried by the jury was the Board’s claim under the bid bond. The trial court gave the following jury charge with regard to that claim:
Now, turning to the other contention made by the defendant, the defendant contends even if the award of the contract was legally made by the board, that the defendant was justified in not entering into the contract because of a mistake.
The law says that if a bidder makes a mistake in submitting the bid and that the mistake results in a bid amount which is out of all proportion to the value of the project being bid, and the other *227 party had notice that a mistake had been made, then there can be no recovery on the bid bond for the bidder’s failure to enter into the contract. And this law takes precedence over any language to the contrary that may appear in the bid bond.
So, in the context of this case, the defendant, if it is to prevail on this defense that it made a mistake, has the burden of responsibility of satisfying you of the following things: Number 1, that the defendant Jones did make a mistake in submitting the bid; Number 2, that the mistake resulted in a bid amount which was out of all proportion to the value of the project being bid; and Number 3, that the Water Works Board had notice that a mistake had been made before awarding the contract. If you are reasonably satisfied that those three conditions exist, then the plaintiff cannot recover on the bid bond.
... The second contention or second defense raised by the defendant is that even if the award of the contract was properly made, that it was justified in not entering into the contract because of a mistake. In order to prevail on that contention, Jones has the burden of responsibility of satisfying you of the following things: Number 1, that it did make a mistake in submitting the bid; Number 2, that the mistake resulted in a bid amount which was out of all proportion to the value of the project being bid, and Number 3, that the Water Works Board had notice that a mistake had been made before awarding the contract.
I would charge you, ladies and gentlemen, that the evidence is undisputed in this case that Ladd Environmental Engineering Company was the agent of the Water Works Board on this project, and any knowledge of Ladd relevant to Jones’s request to withdraw the bid because of a mistake was chargeable to the Water Works Board. The possibility that the Water Works Board would have spent less money on the project if Jones had constructed the project for the sum bid is not an issue in the case. The issues are as I have defined them for you.
The Board excepted to this jury charge. The jury rendered a verdict for Jones, Inc., and the court entered judgment on that verdict. The Board’s motion for a new trial was denied and the Board appealed.
On appeal, the Board is not claiming that because Jones, Inc., submitted a bid it must perform pursuant to that bid; rather, the Board contends that even though Jones, Inc., is not compelled to perform the services for the amount bid, it must nonetheless forfeit the bid bond. The sole issue on appeal is whether the oral jury charges regarding the conditions under which Jones, Inc., must forfeit the bid bond were in error.
This Court has previously decided cases involving the effect of a unilateral mistake on a bid. In Ex parte Perusini Construction Co., 242 Ala. at 632, 7 So.2d 576 (1942), this Court held that if a bidder makes a material mistake and
names a consideration that is out of all proportion to the value of the subject of negotiation and the other party realizing that a mistake must have been committed, takes advantage of it and refuses to let the mistake be corrected when it is discovered, he cannot under these conditions claim an enforceable contract. Where there is a mistake that on its face is so palpable as to place a person of reasonable intelligence upon his guard, there is not a meeting of the minds of the parties, and consequently there can be no contract.
242 Ala. at 636, 7 So.2d at 578 (1942). Although Perusini did not involve a bid bond, it would suggest that if there was no enforceable contract, then by implication, there could be no breach and there would be no reason to forfeit the bid bond.
The Board asserts that if a party submits a bid and a bid bond and later refuses to enter into the contract because of a unilateral mistake, that party should not also be relieved from its obligations under the bid bond. The bid bond, the Board argues, is intended to be forfeited if the party fails to follow through with its bid.
*228 The Board cites Clark Construction Co. v. State of Alabama Highway Dep’t, 451 So.2d 298 (Ala.Civ.App.1984), to support its position. Clark involved a public works contract that was subject to specific statutory guidelines. See Ala. Code 1975, §§ 39-2-1 through -13. Specifically, Ala. Code 1975, § 39-2-4, requires a bidder for a public works contract to post a bond. In Clark, the Court of Civil Appeals held:
In [Perusini, supra, and Townsend v. McCall, 262 Ala. 554, 80 So.2d 262 (1955) ] the principle was established that a unilateral mistake made by one offering a sealed bid for a public construction contract may be sufficient cause for abrogating such a contract if it is shown that the consideration resulting from the mistake is out of proportion to the value of the subject involved and the other party realizes that a mistake has been made. In the Perusini case the bidder failed to include in the bid certain items of cost that would have substantially increased the total amount of its bid. In the Townsend case it was held that a city had the authority to allow a bidder to withdraw a bid based on a mistake and to reject all bids originally submitted and to advertise for new bids. Neither of these cases involved the construction, application, or enforcement of section 39-2-7.
Clark, 451 So.2d at 300. Thus, in Clark the Court distinguished the facts of that case from those in Perusini and held that when a party is entitled to relief from a public works contract because of a unilateral mistake, the statutes require the bidding party to forfeit its bid bond. Because there was no statute requiring forfeiture in the Perusini case, the equitable principles applied. Relying on Clark, the Board claims that the trial court erred in charging the jury that the bond had to be forfeited only if certain conditions were not met. We disagree.
For obvious reasons, the Court of Civil Appeals’ decision in Clark does not govern the instant case. The Board concedes that the statutes that were applicable in Clark, see Ala. Code 1975, §§ 39-2-1 et seq., were not applicable to Jones, Inc. However, in Clark the Court of Civil Appeals went to great lengths to distinguish that case from Perusini on the grounds that those statutes did not apply to the bid in Perusini. If the Board has conceded that these statutes were not applicable to Jones, Inc., there is nothing to relate the instant case to the facts in Clark. Clearly, then, the principles in our decision in Perusini govern this case.
The trial court’s jury charges with regard to forfeiture of the bid bond conformed to the rule as it was set forth in Perusini. Therefore, the trial court did not err in giving those instructions. On appeal, it is not disputed that Jones, Inc., made an error that was material to its bid and caused the bid to be out of all proportion to the other bids. Furthermore, it is not disputed that Jones, Inc., attempted to withdraw its bid before the Board awarded Jones, Inc., the contract. (The distinction is between withdrawal after the contract has been awarded, and withdrawal after the bid has been submitted but before it has been awarded.) This satisfies the conditions set forth in Perusini.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.