ROBERTSON, Judge.
This is a petition for writ of mandamus.
In May 1988, the petitioner/husband, William Clyde Ward, Jr., filed for divorce from the respondent/wife, Karen Jean Ward, in Marion Circuit Court. At the time the husband filed for divorce, the parties were living in California. The wife was served a copy of the divorce complaint by certified mail.
The husband did not request temporary physical custody of the parties’ minor children in the divorce petition. However, on May 23, 1988, on a motion filed by the husband’s attorney, the Marion Circuit Court entered an order granting the husband temporary custody of the children, pending the hearing on the divorce complaint. When the husband learned of the temporary order, he took the children from the wife in California on the pretense of taking them to an amusement park and removed them to Alabama.
The wife then filed a motion to dismiss in Alabama, alleging that the parties and their minor children had been California residents for the two years preceding the husband’s filing for divorce and that the husband had fled California with the children, left them with their paternal grandparents, and then returned to California.
The trial court held a hearing on June 28, 1988, in which it determined that the wife’s allegations in her motion to dismiss were true and that, pursuant to the Alabama Uniform Child Custody Jurisdiction Act, the proper forum for the custody dispute concerning the children was California.
The husband then filed a motion with the trial court to reconsider, or, in the alternative, to alter, amend, or vacate its order. The court denied the husband’s motion, and this petition for mandamus resulted.
The writ of mandamus is both extraordinary and drastic, and, for us to issue the writ, credible allegations that are ironclad in nature must show that the circuit court is bound by law to do what the petitioner requests. Ex Parte Adams, 514 So.2d 845 (Ala.1987). Additionally, the writ will not be granted without a clear showing of error by the trial court. Gissendanner v. Slade, 382 So.2d 1127 (Ala.1980).
The court heard testimony on the jurisdictional issue. We have no record of said testimony. However, the trial court determined that the mother’s allegations concerning the residency of the parties and their minor children to be true and concluded that California was the proper forum.
In view of these facts, we cannot find that the husband established that the trial court committed clear error in its ruling that California was the proper forum for the custody dispute. Consequently, the writ is due to be denied.
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur.