THIGPEN, Judge.
This is a petition for a writ of mandamus filed by Crestwood Hospital and Nursing Home, Inc. (Crestwood), seeking to have this court direct the trial court to dismiss the action in the trial court for lack of jurisdiction.
In October 1991, Crestwood filed a petition for a certificate of need (CON) with the State Health Planning Agency (SHPA), seeking authorization to establish and operate an alternative birthing center at its Huntsville facility. After a contested case proceeding, the hearing examiner recommended approval of the CON, and the CON Review Board approved the CON for Crestwood. In February 1993, the Health Care Authority of the City of Huntsville, d/b/a Huntsville Hospital (Huntsville), filed a request, as intervenor, for a rehearing.
In May 1993, Huntsville filed a notice of appeal to the trial court. In September 1993, the Fair Hearing officer issued a final order, which affirmed the grant of the CON. Crestwood filed a motion to dismiss, contending that the trial court did not have subject matter jurisdiction over Huntsville’s appeal, because it was filed before the issuance of the Fair Hearing Officer’s final order. Ultimately, the trial court denied Crestwood’s motion and Crestwood then filed this petition seeking essentially the same relief. Huntsville maintains that its notice of appeal, which was filed before the Fair Hearing Officer’s final order, is a proper notice of appeal, and that the trial court does have jurisdiction.
Mandamus is a drastic and extraordinary writ. To issue such a writ, there must be “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Adams, 514 So.2d 845, 850 (Ala.1987). The writ is not to be granted unless there is a clear showing of injurious error in the trial court. Ex parte Slade, 382 So.2d 1127 (Ala.1980).
In pertinent part, SHPA Rules and Regulations 410-1-8-.16 state that a “fair hearing shall not be deemed a remedy which must be exhausted as a condition to judicial review.” Therefore, Huntsville’s filing of a notice of appeal before the issuance of the Fair Hearing Officer’s final order was proper, and the trial court has subject matter jurisdiction over the appeal. Crestwood has failed to prove a “clear legal right ... to the order sought.” Adams at 850. Therefore, the writ is due to be denied.
WRIT DENIED.
ROBERTSON, P.J., and YATES, J., concur.