80 So.2d 262

**W. W. TOWNSEND**

v.

**J. Hal McCALL, Mayor of Tuscaloosa et al.**

**6 Div. 676.**

Supreme Court of Alabama.

Feb. 24, 1955.

Rehearing Denied May 19, 1955.

Jas. J. Mayfield and Jas. W. Harris, Tuscaloosa, for appellant.

S. H. Sprott, Tuscaloosa, for appellees City of Tuscaloosa, et al.

Le Maistre, Clement & Gewin, Tuscaloosa, for appellee Thomason.

PER CURIAM.

This is an appeal by complainant from a decree sustaining a demurrer to a bill of complaint in equity. The complainant is W. W. Townsend who sues as a bona fide resident and taxpayer of the City of Tuscaloosa, Alabama. The respondents are individuals forming a partnership, doing business as M. R. Thomason, Contractor, and the members of the "Commission Board" of the City of Tuscaloosa, and the City of Tuscaloosa.

The bill alleges that the commission board caused an advertisement to be published calling for bids for the construction of a water supply tunnel for the city waterworks system. March 17, 1953 was set as the date for the public opening of the bids submitted. The usual details of requirements to be complied with by the bidders were set forth. It is not necessary to repeat them here. There were seven bids received and were opened on that day. Among those seven were the defendant M. R. Thomason, contractor, whose bid was $183,430, and W. W. Townsend, Excavating Contractor, a corporation. The Townsend corporation was not made a party to the suit. Its bid, as shown by the exhibit to the bill, was $356,715. The M. R. Thomason, contractor, bid was the lowest, and the Townsend corporation's bid was the next to the lowest. From it the bids ranged to $494,126. The city engineer informed the bidders and others present that the city's estimate of the cost of the project was $350,000. The bill alleges that the Townsend corporation was the lowest responsible bidder. It then alleges that thereupon Thomason informed the commission

board that it had made a substantial mistake of fact in its bid proposal, and that it withdrew the bid. Thereupon the commission board adopted a resolution postponing action on the bids which had been received. That on March 27, 1953, the commission board passed a resolution awarding said contract to the Thomason partnership, and rejected the other bids. The bill alleges that in doing so the commission board acted in bad faith and well knew that the Townsend bid was the lowest responsible one in response to said advertisement. It alleges that at the time the commission passed the resolution awarding the contract to Thomason, they knew he could not perform the contract on that bid and did not expect nor intend that he would do so, and that in accepting his bid their act was capricious and arbitrary, and was made after an abortive attempt to negotiate a new contract with said Thomason, and was an unlawful artifice to refuse to let the contract to the Townsend corporation; that the advertisement contained a provision that no bids may be withdrawn for a period of thirty days after the scheduled time for opening bids. But that the commission did "authorize, make and circulate another advertisement for bids on said project, and invite the said Thomason, contractor, and others, to make another bid on said project on May 5, 1953". That at that time the commission knew that Thomason was not the lowest responsible bidder, but knew that the Townsend corporation was the lowest responsible bidder, but the commission "arbitrarily and capriciously and contrary to the laws of Alabama" awarded said contract to Thomason, contractor.

The bill alleges that the second advertisement for bids contained a provision that no bids will be accepted after 10.00 A.M. May 5, 1953. On that day the commission met in regular session to open the bids. That at approximately 10:20 A.M. the said Thomason, contractor, attempted to file a bid in the amount of $307,665 in response to said advertisement. At 10:45 the city engineer proceeded to open four bids, including that of Thomason: Townsend was not a bidder. Thomason's bid was declared to be the lowest responsible bid, though it was "twenty minutes beyond the deadline for the acceptance of bids". The commission board thereupon adopted a resolution awarding the said contract to the said Thomason, contractor, at $307,665. That the commission has not taken and does not intend to take any action to require Thomason to perform the contract on his bid of $183,430, thereby indicating a purpose to see that he should receive the contract on conditions favorable to him and unfair to the other bidders, and not to perform the contract awarded to him on his former bid. That Thomason is not a responsible bidder.

The prayer in substance is that all the proceedings had under the second advertisement for bids be vacated, including the proposal to contract with Thomason on his second bid; and "that the court will further enjoin, and restrain the commission board from entering into any written contract with the respondent, Thomason, contractor, based on his attempted bid as set out in the complaint, in response to the advertisement for bids on May 5, 1953" * * * that the court will enjoin and restrain the respondent Thomason, contractor, from performing, or attempting to perform any work on said water supply tunnels for the City Waterworks System of Tuscaloosa, under said resolution awarding this respondent said contract on May 5, 1953"; and relief incident to it. Also that the court ascertain who was the lowest responsible bidder as of March 17, 1953, when the first bids were opened, and require the commission to award the contract to him, and for general relief.

The Thomason bid having been withdrawn, it is insisted that the commission was under the law bound to declare that Townsend was the lowest responsible bidder. The commission did not give its consent to Thomason to withdraw his bid, but instead of doing so, on March 27, 1953, passed a resolution declaring that he was the lowest responsible bidder, and his bid was accepted and the contract awarded to him, and they rejected all the other bids. But Thomason did not accede to the award and did not make a contract, supposedly on account of an alleged mistake by him.

Section 468, Title 37, Code, provides that: "The award of each contract for which bids have been submitted to a municipality shall be made to the lowest responsible bidder, who may comply with such reasonable regulations as may be prescribed before the bids are called for".

■ In declaring that Thomason was the lowest responsible bidder, the commission was exercising an administrative act of a judicial nature. 43 Am.Jur. 807, notes 13 and 14. Their decision in that respect is final and conclusive on the courts in the absence of fraud or gross abuse, as it is sometimes said. Inge v. Board of Public Works of Mobile, 135 Ala. 187, 33 So. 678; Carson Cadillac Corp. v. City of Birmingham, 232 Ala. 312, 167 So. 794; 43 Am.Jur. 786, section 44, or when it is not patently arbitrary, as otherwise expressed. Huddleston v. Humble Oil Co., 260 Ala. 384, 71 So.2d 39.

It was held in Van Antwerp v. Board of Commissioners of Mobile, 217 Ala. 201, 115 So. 239, 241, that the statute, supra, "contains no mandatory requirement for letting municipal contracts on competitive bids. It is open to the corporate authorities to adopt this method, or to let contracts in such way as may be deemed best under the conditions. But it does require that when competitive bidding is selected as the method of letting a contract, it must be let to the lowest responsible bidder complying with the regulations prescribed before bids are called for. In such case, the statute makes applicable the general rules of law governing the awarding of contracts by competitive bids". This was quoted in the case of Carson Cadillac v. City of Birmingham, supra. It was also said in the Van Antwerp case, supra: "Where, as here, there is no mandatory statute requiring contracts to be awarded on competitive bids, it is within the power of the city authorities to invite bids on such basis as it may deem best, reserving the power to reject all bids, or let the contract to the bidder submitting the most desirable proposal."

In Mitchell v. Walden Motor Co., 235 Ala. 34, 177 So. 151, 153, it is said that, "If not required by statute, competitive bidding is not necessary, and a statute so requiring is to be strictly construed, and not extended beyond its clear implication", citing Carson Cadillac v. City of Birmingham, supra.

■ It seems to result from our statute, as construed, that a city is not required by law to let any contract by competitive bidding. If however the city commission sees fit to let it by competitive bidding, and advertises for bids, it may provide that they reserve the right to reject all bids and then let the contract by negotiation or re-advertise for bids. But it is not required to accept a bid and let the contract on that bid to one who is not the lowest responsible bidder. The three alternatives seem to be (1) they must accept the lowest responsible bid, unless they reject all bids; (2) reject all bids and negotiate a contract without bids, or (3) reject all bids and readvertise for another bidding.

■ The provision for letting the contract to the lowest responsible bidder is for the benefit of the public and does not confer on a bidder any right enforceable at law or in equity. Carson Cadillac v. City of Birmingham, supra (4); American Smelting and Refining Co. v. United States, 259 U.S. 75, 42 S.Ct. 420, 66 L.Ed. 833; 43 Am.Jur. pp. 806, 807, section 64, p. 969, section 221.

■ But when municipal authorities are about to issue illegal warrants or script, or to misappropriate public funds or abuse corporate powers, courts of equity on bills filed by taxpayers may enjoin the improper creation of debts. This includes the creation of a debt, in violation of law, by a city in letting a contract. When it is done on competitive bidding, it is the province of the city authorities to determine who is the lowest responsible bidder. That is an exercise of discretion, which must not be arbitrary and is limited. In the absence of fraud or gross abuse, the courts will not interfere with the exercise of that discretion. A mere acceptance of a bid does not raise a presumption that the city authorities in the exercise of their discretion determined such one to be the lowest responsible bidder. Inge v. Board of Public Works of Mobile, supra.

■ The award of a contract is an administrative act of discretion vested by law in the governing authorities of the city. The court's power is to prevent them from doing an unlawful act in that respect. There is no provision for an appeal to the courts from an act of the city authorities in respect to such matters. The courts cannot direct the authorities as to how they shall exercise that discretionary power, nor to whom they must let a contract, but may only enjoin them from doing so illegally, which includes an arbitrary exercise of the power.

It is insisted in effect that Thomason having refused to execute the contract on his first bid, should not be awarded the contract on a bid for a larger amount on the second bidding, although his bid was the lowest, because he could not then be considered a responsible bidder by reason of having repudiated his first bid. Complainant as a citizen and taxpayer claims that to award him the contract on such larger bid, even if it is the lowest in that bidding, is patently arbitrary.

■ That inquiry brings up for consideration the rights of the parties resulting from a unilateral mistake. The principle has been applied by the authorities to a mistake made by one offering a sealed bid for a construction contract. It was thoroughly analyzed in our case of Ex parte Perusini Construction Co., 242 Ala. 632, 7 So.2d 576. In that case the county board of education was suing the bidder for damages for failure to abide by his bid. The defendant sought to remove the suit into equity to enable him to be relieved of liability on account of a mistake that had been made in fixing the amount of his bid. The Court held that the defense was available at law, but asserted the applicable principles. It is not necessary to set them out in full here. But it was held that it was a good defense if the mistake went to the substance of the contract, and his negligence is not an answer to the claim unless it amounts to a violation of a positive legal duty and has prejudiced the other party. As a result of the principle it was held that where one of the parties through mistake names a consideration out of all proportion to the value of the subject involved, and the other party realizes that a mistake has been made, the bid is not enforceable. This is a principle which seems to be fully recognized though the law may provide that a bidder shall not have authority to withdraw or cancel his bid until the board shall have let the contract. Moffett, Hodgkins & Clarke Co. v. Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108; 43 Am.Jur. 805, section 63; 80 A.L.R. 586 et seq.

■ The circumstances relied on by Thomason to support his claim of justifiable mistake are set out in the bill showing that the estimate of the city engineer as to the cost of the structure was in excess of Thomason's bid by approximately $167,000. The lowest bid above Thomason's was approximately $356,000. The city commission had the legal authority in the exercise of its discretion to permit Thomason to withdraw his bid upon the claim of mistake made by him. In doing so, there must have been substantial ground to assume that Thomason's claim of a mistake was justifiable.

■ When the city commission rejected all the bids submitted March 17th, except that of Thomason and he declined to accept a contract on his bid submitted at that time, it was within the power of the commission to readvertise for bids, as they did setting May 5th on which to receive them. All other bids thus rejected were higher than the estimate of the city engineer and may have been higher than the commission was willing to pay. The fact that Thomason's bid on that advertisement was submitted twenty minutes after the hour specified, but before any of the bids were opened, did not prohibit the commission from receiving it in the exercise of their discretion, acting in good faith. Cf. Huddleston v. Humble Oil Co., supra. The commission thereupon finding that the bid of Thomason was the lowest responsible bid received on that bidding, and was less than their engineer's estimate, it was within their right to award the contract to him, unless in doing so they acted arbitrarily and not in good faith. The complainant's claim in that respect was that Thomason submitted a bid on the first bidding and then refused to make a contract in accordance with it, which, it is claimed, shows that Thomason

was not responsible for his bids and that the commission knew it. But if Thomason's failure to accept the contract on his first bid was because of a serious mistake which he honestly made, and the commission became convinced that it was an honest mistake and it sustained no injury by it, those facts ought not to be sufficient to stamp the act of the commission as arbitrary in awarding the contract to Thomason as the lowest responsible bidder.

The trial court probably so decided in sustaining the demurrer to the bill. His decree should be affirmed and complainant allowed thirty days in which to amend the bill.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., not sitting.

MAYFIELD, J., not sitting, having been of counsel in the court below.