496 So.2d 704 (1986)
TECTONICS, INC., of Florida and Forest Builders, Inc.
v.
CASTLE CONSTRUCTION COMPANY, INC., Collins Company, Inc., of Delaware, and Algernon Blair, Inc.
85-269-CER.
Supreme Court of Alabama.
October 3, 1986.
Neil Flaxman of Flaxman & Flaxman, Coral Gables, Fla., and Donald V. Watkins of Watkins, Carter & Knight, Montgomery, for appellant.
Charles M. Allen II of Pappanastos & Samford, Montgomery, for appellees Castle Const. Co. and Algernon Blair, Inc.
Thomas S. Lawson, Jr., and J. Lister Hubbard of Capell, Howard, Knabe & Cobbs, Montgomery, for appellee Collins Co., Inc., of Delaware.
BEATTY, Justice.
This Court consented to answer the following question certified by the United States District Court for the Middle District of Alabama: "Whether the Supreme Court of Alabama would use the Small Business Act as a standard in determining fraud, unjust enrichment or interference with a business relationship" in a suit brought by the second lowest and unsuccessful bidder against the lowest and successful bidder on a government contract. Our answer to this certified question is "No."
On February 17, 1982, plaintiffs Tectonics, Inc., of Florida and Forest Builders, Inc., filed this lawsuit against defendants Castle Construction Company, Inc., Collins Company, Inc., of Delaware, and Algernon Blair, Inc., in the United States District Court for the Southern District of Florida, based on diversity jurisdiction. On October 19, 1982, the action was transferred to the Middle District of Alabama. On June 16, 1983, Judge Myron Thompson dismissed the complaint for failure to state a claim upon which relief may be granted, citing Royal Services, Inc. v. Maintenance, Inc., 361 F.2d 86 (5th Cir.1966), and concluding that Congress did not intend to give a state *705 civil remedy to the second lowest bidder against the lowest and successful bidder.
The Eleventh Circuit Court of Appeals reversed the District Court in Tectonics, Inc., of Florida v. Castle Construction Co., 753 F.2d 957 (11th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 143, 88 L.Ed.2d 118 (1985), holding that Royal merely held that Congress, by enacting the Small Business Act, did not intend to create a federal cause of action and further holding that "Congress ... did not preempt the field so as to preclude a state cause of action based upon the Act." The Court of Appeals remanded the action to the District Court to determine whether this Court would use the Small Business Act as a standard in determining fraud, unjust enrichment, or interference with a business relationship.
On remand, the District Court certified to this Court the question raised by the Court of Appeals.
The facts, as taken from the opinion of the Court of Appeals, are as follows:
"The United States Corps of Engineers issued an invitation for bids on a contract for construction at Red Stone Arsenal in Alabama. The invitation was limited to bids from small businesses as defined by the federal statute [15 U.S.C.A., § 631(a)] just mentioned. Tectonics, Inc. of Florida and Forest Builders, Inc. as joint venturers certified that they were small businesses within the statute and were the second lowest bidder for the construction contract. The defendant Collins Company, Inc. (Collins) gave a similar certificate to the Corps and was the successful bidder on the contract. Tectonics did not make a bid protest because it had relied upon Collins' misrepresentation that it was a small business. Later as a result of a protest filed by another company regarding a different construction contract, the Small Business Administration (SBA) decided that Collins was not a small business as defined by federal law. After becoming aware of this determination, Tectonics [and Forest Builders, Inc.] filed [their] complaint.
"The complaint alleges that defendants Castle Construction Company, Inc. and Algernon Blair, Inc. provided 80% of Collins' original capitalization, indemnified the surety under the performance and bid bonds, provided employees to provide the bid estimates, and placed their corporate officers as directors of Collins. The complaint alleges that the defendants by so doing fraudulently misrepresented Collins as a small business company and thereby prevented Tectonics from being the successful bidder of the contract. The complaint seeks recovery on theories of fraud and deceit, unjust enrichment, and interference with a business relationship, and seeks compensatory and punitive damages." 753 F.2d at 958-59.
Tectonics argues that its complaint is predicated on three recognized state causes of action and that the violation of the Small Business Act is evidence of each of these causes of action. Fraud, unjust enrichment, and interference with a business relationship are, indeed, recognized causes of action in Alabama. In answering the certified question posed to us, we look first to the Small Business Act.
The Small Business Act provides that a bidder may challenge, or "protest," the small business status of any other bidder on a government procurement by filing a timely protest. 13 C.F.R. § 121.9(a) (1984). Tectonics did not file such a protest, and, thus, under the Small Business Act, Collins was conclusively presumed to be a small business at the time of the Redstone Arsenal procurement. See Midwest Construction, Ltd. v. United States, 181 Ct.Cl. 774, 387 F.2d 957 (1967). For this Court to allow Tectonics to maintain an action now in state court would be to nullify the federal government's determination that Collins was a small business.
Moreover, the Court has refused to confer a state cause of action in favor of an unsuccessful bidder on a municipal procurement:
"The provision for letting the contract to the lowest responsible bidder is for the *706 benefit of the public and does not confer on a bidder any right enforceable at law or in equity...." (Emphasis added.)
Townsend v. McCall, 262 Ala. 554, 558, 80 So.2d 262, 265 (1955).
In light of this pronouncement in Townsend and in light of the fact that the Small Business Act is a federal law which does not confer a federal cause of action in favor of an unsuccessful bidder, this Court sees absolutely no logic in interpreting the Small Business Act to allow a state cause of action.
This Court would not use the Small Business Act as a standard in determining fraud, unjust enrichment, or interference with a business relationship in a suit brought by the second lowest and unsuccessful bidder against the lowest and successful bidder on a government contract.

CERTIFIED QUESTION ANSWERED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., dissent.
ADAMS, Justice (dissenting).
Because I would have answered a question as rephrased differently from the answer given by the majority, I must respectfully dissent. Pursuant to Rule 18, A.R. A.P., the United States District Court for the Middle District of Alabama certified to us the question: "Whether the Supreme Court of Alabama would use the Small Business Act as a standard in determining fraud, unjust enrichment or interference with a business relationship" in a suit brought by the second lowest and unsuccessful bidder against the lowest and successful bidder on a government contract. Pursuant to Rule 18, A.R.A.P., we reserve the right to rephrase the District Court's question and answer it as rephrased. The question that I would have answered in a rephrased form is: Whether the Supreme Court of Alabama would use that portion of the Small Business Act which defines what a small business is, and the Small Business Administration's determination in a particular case as to what a small business is, as evidence in a state cause of action for fraud, unjust enrichment, or interference with a business relationship"? My answer to the rephrased certified question would be "Yes."
My objection to the use of the word "standard" in the question posed by the Eleventh Circuit Court of Appeals, and finally certified to this Court by the United States District Court for the Middle District of Alabama is that our opinion might be interpreted to say that the Small Business Act had created a federal cause of action which could be enforced in the state courts. This interpretation would indeed be unfortunate, inasmuch as the Eleventh Circuit Court of Appeals itself had said that the Small Business Act did not create a federal cause of action. However, that court went on to say that although no federal action was created, Congress did not intend to preempt the field so that there could be no state cause of action based on the act.
In saying that I would recognize causes of action in fraud, unjust enrichment, and unlawful interference with a business relationship, and allow the Small Business Administration's definitions and determinations as evidence in those cases, I would not be saying something entirely new. Recently, we said in Simmons Auto Sales, Inc. v. Royal Motor Co., 489 So.2d 518 (Ala.1986), that a plaintiff making a claim under Code 1975, § 6-5-101, for legal fraud against a defendant used automobile dealer could use the standard set forth in the federal statute, 15 U.S.C. § 1981, et seq. (a part of the Motor Vehicle Information and Cost Savings Act), dealing with what the used car dealer must do in connection with the odometer reading on the used car to be sold. In that case, the plaintiff, Simmons, discovered that the odometer reading had been changed to reflect a substantially lower mileage than had actually been accumulated. The used car dealer had certified, in purported compliance with the present statute:

*707 We hereby certify to the best of our knowledge the odometer reading as stated above reflects actual mileage of the vehicle described above....
We hereby certify that the odometer of said vehicle was not altered, set back, or disconnected while in our possession, and we have no knowledge of anyone else doing so.
The federal statute required a certification concerning the reading on the odometer. The trial judge entered summary judgment for the used car salesman because he thought the language in the certification "to the best of our knowledge" acted as a bar to a state cause of action for fraud. We reversed the trial court's grant of summary judgment and said:
The obvious intent of the law is to prohibit the setting back of odometers. Because auto dealers, such as those involved here, make up such a large portion of the used car market, and because they are generally equipped with the personnel and physical equipment to discover odometer "rollbacks," public policy demands that auto dealers utilize their expertise to discover these alterations. Contrary to the implication of the trial court's ruling, dealers will not be allowed to close their eyes to the practice of altering odometer readings. The effect of the trial court's ruling would be to encourage used car dealers not to inspect the cars which they purchase. This would inevitably lead to the movement in interstate commerce of automobiles which are both less safe and of less market value than that indicated by the odometer reading.
In testing Royal's liability for the innocent misrepresentation, the jury is free to draw the inference that while Royal's misrepresentation was made without actual intent to defraud, Royal could have discovered the truth, as the record aptly displays, by merely tracing back the records of ownership. Thus, in keeping with the letter and the spirit of federal public policy, consistent with our legal fraud statute, automobile dealers are required to use reasonable diligence to inspect used cars purchased for resale. [Emphasis added.]
In the Simmons case, we allowed the use of the proscriptions in the federal statute in connection with our legal fraud statute, even though the plaintiff had opted not to pursue his claims under the federal statute.
As in the Simmons case, plaintiff here claims that actions of the defendants have clearly collided with a congressional policy which is of the highest priority. Plaintiff here was engaged in competitive bidding on what is known as a "set-aside" contract to construct a commissary and mall interconnect. There has been no dispute that plaintiff was, at the time, and is presently, a small business as defined by the federal Act. However, plaintiff claims that Castle Construction Company, Inc., and Algernon Blair, Inc., are not small businesses as defined by the Small Business Administration Act, but that they conspired to put Collins Company, Inc., of Delaware in a position where it could obtain the contract by offering the lowest bid if it would represent that it was a small business. Plaintiff claims that Algernon Blair provided 80% of Castle's original capitalization; that Algernon Blair indemnified a surety under performance in bid bonds issued on behalf of Collins concerning the invitation to bid; that Algernon Blair and Castle allowed Collins to utilize their employees for the purposes of preparing bid estimates and for business operations of Collins concerning the invitation to bid; and that Algernon Blair and Castle placed their corporate officers as directors of Collins and did other things in order to put Collins in a better bargaining position than Tectonics could have been in, all in violation of the national policy favoring set-aside contracts for certain small businesses.
To answer the certified question in the affirmative is not to say that plaintiff would necessarily prevail. Plaintiff's claims of fraud, unjust enrichment, and interference with the business relationship are indeed viable causes of action under *708 Alabama law. Recently, our tort of interference with a business relationship has undergone careful scrutiny and emerges as a somewhat different cause of action than existed heretofore.
The essential elements of the tort now are as follows: (1) the existence of a contract or business relation; (2) defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with a contract or business relation; (4) absence of justification for the defendant's interference; and, (5) damage to the plaintiff as a result of defendant's interference. See Gross v. Lowder Realty, 494 So.2d 590 (Ala.1986); Lowder Realty Inc. v. Odom, 495 So.2d 23 (Ala.1986).
Because we have already allowed federal standards to be used as evidence in support of a state court claim, where the federal statute has not preempted the field, I am of the opinion that the definition of "small business" as set up in the federal act, and as determined by the Small Business Administration, could be used as evidence in connection with plaintiff's three state court claims.
JONES, ALMON and SHORES, JJ., concur.