This Court consented to answer the following question certified by the United States District Court for the Middle District of Alabama: "Whether the Supreme Court of Alabama would use the Small Business Act as a standard in determining fraud, unjust enrichment or interference with a business relationship" in a suit brought by the second lowest and unsuccessful bidder against the lowest and successful bidder on a government contract. Our answer to this certified question is "No."
On February 17, 1982, plaintiffs Tectonics, Inc., of Florida and Forest Builders, Inc., filed this lawsuit against defendants Castle Construction Company, Inc., Collins Company, Inc., of Delaware, and Algernon Blair, Inc., in the United States District Court for the Southern District of Florida, based on diversity jurisdiction. On October 19, 1982, the action was transferred to the Middle District of Alabama. On June 16, 1983, Judge Myron Thompson dismissed the complaint for failure to state a claim upon which relief may be granted, citing Royal Services, Inc. v. Maintenance, Inc., 361 F.2d 86
(5th Cir. 1966), and concluding that Congress did not intend to give a state *Page 705 
civil remedy to the second lowest bidder against the lowest and successful bidder.
The Eleventh Circuit Court of Appeals reversed the District Court in Tectonics, Inc., of Florida v. Castle ConstructionCo., 753 F.2d 957 (11th Cir. 1985), cert. denied, ___ U.S. ___,106 S.Ct. 143, 88 L.Ed.2d 118 (1985), holding that Royal merely held that Congress, by enacting the Small Business Act, did not intend to create a federal cause of action and further holding that "Congress . . . did not preempt the field so as to preclude a state cause of action based upon the Act." The Court of Appeals remanded the action to the District Court to determine whether this Court would use the Small Business Act as a standard in determining fraud, unjust enrichment, or interference with a business relationship.
On remand, the District Court certified to this Court the question raised by the Court of Appeals.
The facts, as taken from the opinion of the Court of Appeals, are as follows:
 "The United States Corps of Engineers issued an invitation for bids on a contract for construction at Red Stone Arsenal in Alabama. The invitation was limited to bids from small businesses as defined by the federal statute [15 U.S.C.A., § 631 (a)] just mentioned. Tectonics, Inc. of Florida and Forest Builders, Inc. as joint venturers certified that they were small businesses within the statute and were the second lowest bidder for the construction contract. The defendant Collins Company, Inc. (Collins) gave a similar certificate to the Corps and was the successful bidder on the contract. Tectonics did not make a bid protest because it had relied upon Collins' misrepresentation that it was a small business. Later as a result of a protest filed by another company regarding a different construction contract, the Small Business Administration (SBA) decided that Collins was not a small business as defined by federal law. After becoming aware of this determination, Tectonics [and Forest Builders, Inc.] filed [their] complaint.
 "The complaint alleges that defendants Castle Construction Company, Inc. and Algernon Blair, Inc. provided 80% of Collins' original capitalization, indemnified the surety under the performance and bid bonds, provided employees to provide the bid estimates, and placed their corporate officers as directors of Collins. The complaint alleges that the defendants by so doing fraudulently misrepresented Collins as a small business company and thereby prevented Tectonics from being the successful bidder of the contract. The complaint seeks recovery on theories of fraud and deceit, unjust enrichment, and interference with a business relationship, and seeks compensatory and punitive damages." 753 F.2d at 958-59.
Tectonics argues that its complaint is predicated on three recognized state causes of action and that the violation of the Small Business Act is evidence of each of these causes of action. Fraud, unjust enrichment, and interference with a business relationship are, indeed, recognized causes of action in Alabama. In answering the certified question posed to us, we look first to the Small Business Act.
The Small Business Act provides that a bidder may challenge, or "protest," the small business status of any other bidder on a government procurement by filing a timely protest. 13 C.F.R. § 121.9 (a) (1984). Tectonics did not file such a protest, and, thus, under the Small Business Act, Collins was conclusively presumed to be a small business at the time of the Redstone Arsenal procurement. See Midwest Construction, Ltd. v. UnitedStates, 181 Ct.Cl. 774, 387 F.2d 957 (1967). For this Court to allow Tectonics to maintain an action now in state court would be to nullify the federal government's determination that Collins was a small business.
Moreover, the Court has refused to confer a state cause of action in favor of an unsuccessful bidder on a municipal procurement:
 "The provision for letting the contract to the lowest responsible bidder is for the *Page 706 
benefit of the public and does not confer on a bidder any right enforceable at law or in equity. . . ."
(Emphasis added.)
Townsend v. McCall, 262 Ala. 554, 558, 80 So.2d 262, 265
(1955).
In light of this pronouncement in Townsend and in light of the fact that the Small Business Act is a federal law which does not confer a federal cause of action in favor of an unsuccessful bidder, this Court sees absolutely no logic in interpreting the Small Business Act to allow a state cause of action.
This Court would not use the Small Business Act as a standard in determining fraud, unjust enrichment, or interference with a business relationship in a suit brought by the second lowest and unsuccessful bidder against the lowest and successful bidder on a government contract.
CERTIFIED QUESTION ANSWERED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., dissent.