PITTMAN, Judge.
The Alabama Department of Industrial Relations (“the Department”) appeals from a judgment of the Mobile Circuit Court (“the trial court”) insofar as it sets aside the Department’s order requiring Tonya Frazier to reimburse the Department for an overpayment of employment compensation. We reverse and remand.
Frazier sought unemployment compensation after voluntarily leaving her job at a fast-food restaurant. Before the Department issued a final ruling on the matter, Frazier received $2,421 in unemployment compensation. The Department initially denied Frazier’s request for unemployment compensation. Frazier appealed from that decision, and, eventually, the Department issued a final administrative ruling denying Frazier’s request for unemployment compensation and ordering Frazier to reimburse the $2,421 previously paid to her. Having exhausted her administrative remedies, Frazier thereafter appealed to the trial court. In October 2011, following a trial on the merits of the case, the trial court entered a judgment affirming the Department’s decision denying Frazier’s request for unemployment compensation, but it ruled that the $2,421 in payments previously made was not due to be repaid to the Department. In November 2011, the Department filed a post-judgment motion to amend the trial court’s judgment to the extent that it had not required Frazier to repay the $2,421 in unemployment compensation she had already received. Following the trial court’s denial of that motion in January 2012, the Department appealed.
The facts of the case are undisputed, and the sole issue on appeal is whether the trial court erred in declining to require Frazier to repay the $2,421 in unemployment compensation paid to her. We, therefore, “ ‘must determine if the trial court misapplied the law to the undisputed facts’ thus, “ ‘the standard of review is de novo,’ ” and we afford the trial court’s judgment no presumption of correctness. Alabama Dep’t of Revenue v. Jim Beam Brands Co., 11 So.3d 858, 859-60 (Ala.Civ.App.2008) (quoting Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513 (Ala.2003)); see also State Dep’t of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001), and Ex parte Graham, 702 So.2d 1215 (Ala.1997).
The Department argues that the trial court lacked the statutory authority to set aside that portion of the Department’s order requiring repayment. In support of that argument, the Department argues that the trial court’s action was contrary to Ala.Code 1975, § 25-4-145(c), which provides:
“(1) Any individual who has received any sum as benefits or payments under this chapter while any conditions for the *177 receipt of benefits or payment imposed by this chapter were not fulfilled by such person, or while he was disqualified from receipt of benefits; or by reason of nondisclosure or misrepresentation by him or another of a material fact (irrespective of whether such nondisclosure was known or fraudulent) or for any other reason causing him to receive benefits to which he was not entitled, shall be required to repay such sum in cash or by offset against any future benefits if payable or a combination of both.
“(2) Such person shall be promptly notified of the determination of overpayment and the reasons therefor. Unless such person, within 15 calendar days immediately following the date such notification was mailed to his last known address, files an appeal from such determination, such determination shall be final. Any appeal therefrom pursuant to the provisions of this chapter shall be limited solely to the overpayment issue.
“(3) If the indebtedness is not paid by such person within 30 calendar days after the determination has become final, the director shall proceed to effect collection of the overpayment and shall have available to him all civil actions available to him under the laws of this state to collect the overpayment as well as those provisions contained in subsection (b) of Section 25-4-134 applying to the collection of contributions.”
On the other hand, Frazier contends that the trial court, although not expressly authorized to set aside an administrative order requiring reimbursement to the Department for overpayments under Ala. Code 1975, § 25-4-145(c), is not expressly prohibited from doing so; Frazier asserts that the trial court properly exercised its general authority under Ala.Code 1975, § 12-11-31(1), which provides that the trial court’s equitable jurisdiction extends to “civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.” Frazier further asserts that, in exercising that authority, the trial court properly reached its determination to set aside the order requiring her to reimburse the Department for the overpayment because that determination was consistent with the guidelines under which the director of the Department may exercise discretion to waive the requirement to repay overpayments set forth in Ala. Admin. Code, r. 480-4-4-.07 (Dep’t of Indus. Relations). We are, therefore, presented with the issue whether the trial court had the authority to apply an equitable remedy while reviewing the final decision of the Department, which, in turn, raises the broader question whether a trial court exercises equitable jurisdiction when reviewing administrative determinations.
In this case, the trial court concluded that Frazier was disqualified from receiving unemployment compensation, just as the Department had concluded. The trial court then went a step further, however, and addressed the equity of the requirement that Frazier pay back the compensation she had already received, electing to set aside that requirement. We must determine whether the trial court, in doing so, acted in a manner not contemplated by Ala.Code 1975, § 25-4-145(c), governing the Department’s review of an application for unemployment compensation.
Under Ala.Code 1975, § 25-4-145(c)(l), a payee of unemployment compensation who is later determined to be disqualified from receiving such compensation “shall” reimburse the Department the amount he or she received. Section 25-4-145(c)(2) provides the disqualified party an avenue through which he or she may be relieved from the repayment requirement; that *178 subsection sets forth instructions for appealing from the Department’s order to reimburse it. The subsection further provides that a disqualified party appealing from the Department’s order with respect to the repayment requirement must seek review of the order as to that issue in a manner separate from that of the Department’s denial of his or her application for unemployment compensation; however, under Ala.Code 1975, § 25-4-145(c)(2), any appeal of a Department order compelling repayment is limited solely to whether the overpayment was demonstrated. Thus, the Department’s denial of an application for unemployment compensation and the Department’s requirement to repay an overpayment are subject to separate review.
We note that § 25-^4 — 145(d)(1) vests the director of the Department with the authority to waive the requirement that a disqualified party repay compensation he or she has received. Just as the legislature has drawn a distinction between the issues of benefit entitlement and overpayment, the express language vesting authority to set aside a repayment requirement exclusively in the director indicates that whether a payee should be granted relief from an order requiring reimbursement of a benefit overpayment is a question to be decided in the first instance by the director in his or her discretion.
In light of the intent expressed in Ala. Code 1975, § 25-4-145, to vest in the director the primary duty of assessing whether a repayment order should be waived, the trial court in this case acted outside its discretion by purporting to waive Frazier’s obligation to reimburse the Department for the overpayment. Frazier’s appeal to the trial court presented the issues whether she was disqualified from receiving benefits and whether she had a duty to repay benefits she had been paid before it was determined that she was disqualified. See § 25-4-95 and § 25-4-145(c)(2).
Further, the statute upon which Frazier relies, which gives the trial court equitable jurisdiction when “a plain and adequate remedy is not provided in the other judicial tribunals,” Ala.Code 1975, § 12-11-31(1), does not confer any additional power upon the trial court in this setting, where it is exercising appellate jurisdiction only in an area where an administrative agency has already acted:
“A fundamental concept of judicial review of administrative action is that it is a limited review, delineated by statute and court-established standards which relate to the nature of the issues or questions open to judicial review....
“ ‘It is well-settled that courts of equity, in the absence of fraud or gross abuse, will not interfere with the exercise of discretion by administrative boards in the determination of the necessity and requirements of public accomplishment, much less control the judgment of such boards in respect to matters within the technical field of their duties and powers.’ ”
Custred v. Jefferson Cnty., 360 So.2d 285, 289 (Ala.1978) (quoting Carson Cadillac Corp. v. City of Birmingham, 232 Ala. 312, 317, 167 So. 794, 798 (1936)).
The record reveals that, in this case, the trial court likely sympathized with Frazier; although Frazier voluntarily left her employment, her unfortunate circumstances at the time undoubtedly left her with little or no choices other than to quit her job. Presumably, the trial court affirmed the Department’s ruling to disqualify Frazier from unemployment compensation but set aside the repayment requirement in an attempt to give Frazier some relief. Though the trial court’s judgment may reflect noble intentions, Ala.Code 1975, *179 § 25-4-145(d), provides that the director, not the trial court, has the discretion to confer the type of relief given to Frazier here.
We reverse the decision of the trial court insofar as it reversed the Department’s order requiring reimbursement of the overpayment, and we remand the cause for that court to enter a judgment affirming the Department’s administrative determinations. Our judgment is, however, without prejudice to Frazier’s right to properly request the director, pursuant to § 25-4-145(d), to review and consider her obligation to repay the Department’s overpayment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRYAN, THOMAS and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.